## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON ODOM, on behalf of himself and all others similarly situated, | No. |
| Plaintiff, | |
| -against- | COMPLAINT |
| INTERNATIONAL TRENDZ, LLC and ISMAIL QADAR, | |
| Defendants. | Plaintiff Demands a Trial by Jury |

Plaintiff JASON ODOM ("Mr. Odom" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys Bashian & Papantoniou, P.C. and Levine & Blit, PLLC, complaining of defendants INTERNATIONAL TRENDZ, LLC ("the LLC") and ISMAIL QADAR ("Mr. Qadar") (hereinafter, collectively referred to as "Defendants"), hereby alleges:

### NATURE OF THE ACTION

1. This putative collective action and class action is brought to remedy unpaid minimum wages and unpaid overtime wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), unpaid minimum wages, unpaid earned wages, and unpaid overtime wages in willful violation of the New York Labor Law ("Labor Law"), untimely paid wages in violation of Labor Law § 191, and violations of the Wage Theft Prevention Act, Labor Law §§ 195(1) and 195(3).

1

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including unpaid wages; an award of liquidated damages under the FLSA and/or Labor Law; statutory damages pursuant to the Labor Law; Plaintiff's reasonable attorney's fees; prejudgment interest on the total amount of unpaid wages or untimely paid pursuant to the Labor Law; costs of this action; and any such other and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of New York.

## THE PARTIES

5. Mr. Odom is a citizen of the State of New York.

6. The LLC is a for-profit foreign limited liability company registered with the State of New York, organized in the State of Delaware and existing in the State of New York, with its principal place of business located at 119-22 204th Street, Suite 2, Queens, New York 11412.

7. The LLC does business under the fictitious name "Presidential Security Company".

8. Mr. Qadar is the Chief Executive Officer of the LLC and, as such, controls the daily operation of the LLC, including, but not limited to, hiring, firing, determined the terms and conditions of employment, compensation rates, compensation methods, and maintenance of employment records.

9. At all times relevant to this action, Mr. Qadar had operational control of the LLC.

10. Upon information and belief, Mr. Qadar is a member of the LLC and, as such, has an ownership interest in the LLC.

11. At all times relevant to this action, Mr. Qadar had financial control of the LLC.

12. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

13. Defendants, individually or jointly, have (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

14. At all times relevant to this action, Plaintiff and the Collective/Class were an "employee" of Defendants within the meaning of applicable federal and state statutes and regulations.

15. At all times relevant to this action, Defendants were an "employer" of Plaintiff and the Collective/Class within the meaning of applicable federal and state statutes and regulations.

16. Defendants are a joint employer of Plaintiff and the Collective/Class.

## COLLECTIVE ACTION ALLEGATIONS

17. At all times within the applicable statute of limitations, Defendants have employed more than 40 natural persons, including Plaintiff, in the position of Security Guard or other similar titles or positions.

18. Plaintiff and the similarly situated employees have been subjected to the same unlawful terms and conditions of employment; specifically, the failure to pay minimum wages and overtime wages.

19. The unlawful employment practices at issue with the respect to Plaintiff and the similarly employees are identical, as Defendants, in all cases, have willfully withheld minimum wages and overtime wages earned.

20. Similarly situated employees previously and/or currently employed by Defendants should have an opportunity to have their claims for alleged violations of the FLSA heard.

4

21. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

## CLASS ACTION ALLEGATIONS

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff bring this action individually and on behalf of the following class of persons ("the Class"): all Security Guards employed by Defendants from May 1, 2022 to the present.

23. The individuals in the Class identified above are so numerous that joinder of all members of the class is impracticable because, upon information and belief, Defendants have employed over forty (40) people as Security Guards during the applicable statute of limitations.

24. Questions of law and fact common to the Class include, but are not limited to, the following:

> (a) Whether the named plaintiff and persons belonging to the Class did not receive the minimum wage for hours worked in a work week during the statutory period;
>
> (b) Whether the named plaintiff and persons belonging to the Class did not receive the full amount of wages earned for hours worked in a work week during the statutory period;
>
> (c) Whether the named plaintiff and persons belonging to the Class did not receive overtime wages earned for hours worked in a work week during the statutory period;

5

 (d) Whether the named plaintiff and persons belonging to the Class were timely paid wages in compliance with Labor Law § 191 during the statutory period;

 (e) Whether the named plaintiff and persons belonging to the Class did not notices and wage statements required by Labor Law §§ 195(1) and 195(3);

 (f) Whether Defendants' denial of wages or timely payment of wages to the named plaintiff and persons belonging to the Class was done without a good faith basis that its practices complied with the applicable law; and

 (g) Whether the named plaintiff and persons belonging to the Class have sustained damages and, if so, the proper measure of such damages.

25. The claims made by the named plaintiff is typical of the claims of the Class because the named plaintiff and the Class incurred the same type of damages; namely, unpaid wages and untimely paid wages, as a direct result of the same practices and policies implemented by Defendants.

26. The named plaintiff will fairly and adequately protect the interests of the Class because the interests of the named plaintiff are aligned with those of the Class and the named plaintiff has no conflict of interest with the Class. Likewise, the named plaintiff is represented by qualified and experienced counsel.

27. By engaging in such unlawful employment practices as alleged herein, Defendants have acted or refused to act on grounds generally applicable to the

Class thereby making it appropriate that injunctive, declaratory, and monetary relief be awarded to the Class as a whole.

28. The questions of law and fact common to the Class predominate over questions affecting only the named plaintiff, and a class action is a superior method of fair and efficient adjudication of this controversy rather than the other methods available.

29. For these reasons, the Class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

30. Mr. Odom worked for Defendants from about May 25, 2022 through July 19, 2022, as a Security Guard.

31. Mr. Odom worked for Defendants at Wyndham Garden – Fresh Meadows, 61-27 186th Street, Fresh Meadows, New York 11365.

32. Mr. Odom's typical work schedule was as follows: (a) Mondays from 3 p.m. to 11 p.m; (b) Tuesdays from 3 p.m. to 11 p.m.; (c) Saturdays from 7 a.m. to 7 p.m.; and (d) Sundays from 7 a.m. to 7 p.m.

33. Mr. Odom's typically worked forty (40) hours per week for Defendants.

34. In early July 2022, Mr. Odom worked twenty-four (24) hours of overtime for Defendants covering two twelve-hour shifts on a Wednesday and a Friday at Howard Johnson, 38-61 12th Street, Long Island City, New York 11101.

35. Mr. Odom was paid on an hourly basis.

36. Mr. Odom's hourly rate was $20.00.

37. Defendants made only two payroll payments to Mr. Odom.

38. Mr. Odom was underpaid on his second payroll payment from Defendants.

39. Mr. Odom was paid by Defendants through Cash App or other similar mobile applications.

40. For his labor from about June 4, 2022 through about July 19, 2022, Mr. Odom was not compensated at all.

41. On multiple occasions, Mr. Odom made complaints about non-payment to managerial employees of the LLC, but the unlawful pay practices were not remedied.

42. On July 5, 2022, Adedayo B. Odugbesan, Regional Director of Operations for the LLC, sent correspondence to employees of the LLC where delay in payment for June 2022 was admitted.

43. As a result of the untimely payments, Plaintiff and the Class have suffered an injury in fact in that they have been denied use of the money earned from their labor, they have been denied interest that would have been earned had the money earned from their labor been deposited into an interest-bearing account, and they have incurred additional costs, fees, or interest on bills or debts they were unable to pay because the money earned from their labor was not timely remitted.

44. Defendants failed to provide Plaintiff and the Class with the statutory notice required by Labor Law § 195(1) at any time during their employment.

45. Defendants failed to provide Plaintiff and the Class with wage statements in compliance with Labor Law § 195(3) with each payment of wages.

46. Defendants were aware that its pay practices described herein were in violation of the FLSA and Labor Law, but continued to willfully engage in such unlawful pay practices.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE COLLECTIVE ACTION
(Unpaid Minimum Wages in Violation of the FLSA)

47. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 46, as if fully set forth herein.

48. Defendants were the employer of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

49. Plaintiff and all other similarly situated employees are and were non-exempt employees under the FLSA.

50. Pursuant to the acts and practices alleged herein, Defendants willfully paid Plaintiff and all other similarly situated employees below the minimum wage.

51. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and all other employees similarly situated to them. As such, Defendants' noncompliance with the FLSA was willful.

52. As a proximate result of Defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to

recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE COLLECTIVE ACTION
**(Unpaid Overtime Wages in Violation of the FLSA)**

53. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 52, as if fully set forth herein.

54. Defendants were the employer of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

55. Plaintiff and all other similarly situated employees are and were non-exempt employees under the FLSA.

56. Pursuant to the acts and practices alleged herein, Defendants willfully failed to pay Plaintiff and all other similarly situated employees overtime premium wages.

57. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and all other employees similarly situated to them. As such, Defendants' noncompliance with the FLSA was willful.

58. As a proximate result of Defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of

unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION
**(Unpaid Minimum Wages in Violation of the Labor Law)**

59. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 58, as if fully set forth herein.

60. Defendants were the employer of Plaintiff and the Class within the meaning of the Labor Law.

61. Plaintiff and the Class are and were non-exempt employees under the Labor Law.

62. Pursuant to the acts and practices alleged herein, Defendants willfully paid Plaintiff and the Class below the minimum wage.

63. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendants' noncompliance with the Labor Law was willful.

64. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those

unpaid minimum wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION
**(Unpaid Earned Wages in Violation of the Labor Law §§ 191, 193, 198)**

65. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 64, as if fully set forth herein.

66. Defendants were the employer of Plaintiff and the Class within the meaning of the Labor Law.

67. Plaintiff and the Class are and were non-exempt employees under the Labor Law.

68. Pursuant to the acts and practices alleged herein, Plaintiff and the Class performed on Defendants' behalf and known to Defendants, but were denied their wages earned.

69. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendants' noncompliance with the Labor Law was willful.

70. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered economic damages in the form of unpaid wages in an amount to be determined at trial and are entitled to recover the value of those unpaid wages plus

13

an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE COLLECTIVE ACTION
(Unpaid Overtime Wages in Violation of the Labor Law)

71. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 70, as if fully set forth herein.

72. Defendants were the employer of Plaintiff and all other similarly situated employees within the meaning of the Labor Law.

73. Plaintiff and all other similarly situated employees are and were non-exempt employees under the Labor Law.

74. Pursuant to the acts and practices alleged herein, Defendants willfully failed to pay Plaintiff and all other similarly situated employees overtime premium wages.

75. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and all other employees similarly situated to them. As such, Defendants' noncompliance with the Labor Law was willful.

76. As a proximate result of Defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of

14

unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the Labor Law.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION
**(Untimely Wages in Violation of the Labor Law § 191)**

77. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 76, as if fully set forth herein.

78. Defendants were the employer of Plaintiff and the Class within the meaning of the Labor Law.

79. Plaintiff and the Class are and were manual laborers within the meaning of Labor Law § 191.

80. Plaintiff and the Class were to be paid weekly pursuant to Labor Law § 191.

81. On numerous occasions continuing to today, as identified herein, Plaintiff and the Class were not timely paid their wages earned.

82. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendants' noncompliance with the Labor Law was willful.

83. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class are entitled to recover the value of those untimely paid wages as liquidated damages and prejudgment interest pursuant to the Labor Law.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS
**(Violation of Labor Law 195(1))**

84. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 83, as if fully set forth herein.

85. Defendants failed to furnish to Plaintiff and the Class with the information through a notice required by Labor Law § 195(1) at the time of their hiring or any time thereafter.

86. Due to Defendants' violations of the Labor Law § 195(1), Plaintiff and the Class are entitled to recover statutory damages from Defendants in the amount of $50.00 per work day that the violation occurred, not to exceed $5,000.00, plus attorney's fees and costs of this action.

### EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS
**(Violation of Labor Law § 195(3))**

87. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 86, as if fully set forth herein.

88. Defendants failed to furnish Plaintiff and the Class with each payment of wages a statement that complied with statutory requirements under Labor Law § 195(3).

89. Due to Defendants' violation of Labor Law § 195(3), Plaintiff and the Class are entitled to recover statutory damages from Defendants in the amount of $250.00 per workweek that the violation occurred, not to exceed $5,000.00, plus attorney's fees and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants containing the following relief:

a) An order certifying a collective and/or class action;

b) An order declaring Defendants have violated the provisions of the FLSA and Labor Law relating to payment of minimum wages, earned wages, overtime wages, and timely payment of wages;

c) An order enjoining Defendants from engaging in the unlawful activities alleged above;

d) An order awarding monetary damages for Plaintiff's and the Collective and/or Class's economic losses in the form of unpaid minimum wages, unpaid earned wages, and unpaid overtime wages;

e) An order awarding liquidated damages to Plaintiff and the Collective and/or Class under the FLSA and the Labor Law in an amount equal to the total amount of unpaid minimum wages, unpaid earned wages, unpaid overtime wages, and/or untimely paid wages;

f) An award of prejudgment interest on the unpaid minimum wages, unpaid earned wages, and untimely paid wages owed to Plaintiff and the Collective and/or Class pursuant to the Labor Law;

g) An award of statutory damages for violations of Labor Law §§ 195(1) and 195(3);

h) An award of Plaintiff's and the Collective and/or Class's reasonable attorneys' fees pursuant to the FLSA and the Labor Law;

i) An award of the Plaintiff's and the Collective and/or Class's costs of this action; and

j) Any such other and further relief this Court deems just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: February 3, 2023
      New York, NY

LEVINE & BLIT, PLLC

*/s/*

Matthew J. Blit (MJB4145)
Justin S. Clark (JC7795)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, NY 10118
(212) 967-3000
mblit@levineblit.com
jclark@levineblit.com