UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DONATUS UGWUDIOBI, *et al.*, *individually and on behalf of all others similarly situated*,

                Plaintiffs,

        -against-                       **MEMORANDUM AND ORDER**
                                           22 CV 4930 (RER) (CLP)

INTERNATIONAL TRENDZ, LLC, d/b/a PRESIDENTIAL SECURITY COMPANY, *and* ISMAIL QADAR,

                Defendants.
----------------------------------------------------------X

JASON ODOM, *et al.*, *individually and on behalf of all others similarly situated*,

                Plaintiffs,

        -against-                       23 CV 828 (RER) (CLP)

INTERNATIONAL TRENDZ, LLC, *and* ISMAIL QADAR,

                Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

       The above-captioned cases are two related wage and hour actions brought under Federal and New York State wage and hour laws by several named plaintiffs (collectively, the "plaintiffs"), on behalf of themselves and a proposed collective of similarly situated employees. (Ugwudiobi Action,[1] ECF No. 1; Odom Action, ECF No. 16).  Plaintiffs brought these actions against defendants International Trendz, LLC and Ismail Qadar (collectively, the "defendants"),

---

[1] The term "Ugwudiobi Action" refers to Ugwudiobi, et al. v. International Trendz, LLC, et al., No. 22 CV 4930 (RER) (CLP).  The term "Odom Action" refers to Odom, et al. v. International Trendz, LLC, et al., No. 23 CV 828 (RER) (CLP).  Unless otherwise stated, citations to ECF document numbers refer to the documents filed in the Ugwudiobi Action.

1

seeking an award of unpaid minimum and overtime wages, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and for related violations of the New York Labor Law §§ 190 et seq. ("NYLL").

Currently pending before the Court is a motion for conditional certification of an FLSA collective action filed by the named plaintiffs in the Ugwudiobi Action (ECF No. 56), joined by named plaintiffs Jason Odom and Sahara Jackson of the Odom Action (ECF No. 51) (together, the "Joint Motion").

For the reasons set forth below, the Joint Motion is GRANTED.

## BACKGROUND

In the Ugwudiobi Action, initiated on August 21, 2022, named plaintiffs Donatus Ugwudiobi, Yusufu Jagana, Antigha Abia, Dooyum Igbudu, Cecile Miree, Seemaj Pough, and Aly Alwars allege that corporate defendant International Trendz, LLC, d/b/a Presidential Security Company ("PSC"), is a foreign limited liability company doing business in New York State and the City of New York, providing security services to its clients throughout New York State.  (Ugwudiobi Compl.[2] ¶ 12).  Plaintiffs further allege that individual defendant Ismail Qadar ("Qadar") is the Chief Executive Officer of PSC, that defendant Qadar made "hiring, firing, pay, schedule and promotion decisions" for PSC, and that defendants maintain a principal place of business at 1650 Market Street, Philadelphia, PA 19103.  (Id. ¶¶ 12, 13).  In the Odom Action, originally initiated on February 3, 2023 by Jason Odom and amended on March 31, 2023 to include Sahara Jackson, plaintiffs allege similar claims (Odom FAC[3] ¶¶ 8, 9, 10-12), except

---

[2] Citations to "Ugwudiobi Compl." refer to the Complaint filed in the Ugwudiobi Action on August 21, 2022 (ECF No. 1).

[3] Citations to "Odom FAC" refer to the First Amended Complaint filed in the Odom Action on March 31, 2023 (ECF No. 16).

that they allege that PSC's principal place of business is located at 119-22 204th Street, Suite 2, Queens, NY 11412.  (Id. ¶ 7).

Plaintiffs allege that, at all relevant times, defendants were an enterprise engaged in commerce within the meaning of the FLSA and NYLL, having a gross annual revenue of not less than $500,000 and using goods that travel in interstate commerce.  (Ugwudiobi Compl. ¶ 14; Odom FAC ¶¶ 13, 14).  Plaintiffs also allege that plaintiffs were employees, and defendants were employers, within the meaning of the two statutes.  (Ugwudiobi Compl. ¶¶ 10, 11; Odom FAC ¶¶ 15, 16).

Working at various locations throughout New York, the Ugwudiobi Action plaintiffs allege that they were employed by defendants as security guards at various times from 2016 until the filing of their Complaint on August 21, 2022 (Ugwudiobi Compl. ¶ 16), while the Odom Action plaintiffs were employed by defendants as security guards between May and July of 2022.  (Odom FAC ¶¶ 31, 32, 43, 44).  Plaintiffs allege that they typically worked 40 hours per week and they were paid on an hourly basis.  (Ugwudiobi Compl. ¶¶ 16, 23; Odom FAC ¶¶ 34, 36, 46, 47).  The Ugwudiobi Action plaintiffs allege that they were paid on a biweekly basis, but that, at various times throughout their employment with defendants, defendants failed to promptly pay plaintiffs minimum wages for all hours worked, failed to promptly pay overtime wages at all relevant times, and failed to pay plaintiffs any wages for work performed from June 26, 2022 to July 16, 2022.  (Ugwudiobi Compl. ¶¶ 23- 27).

One of the Odom Action plaintiffs alleges that during his employment with defendants, he was only paid twice, being underpaid on his second payroll payment, and that he was not compensated at all for his labor from June 4, 2022 to July 19, 2022.  (Odom FAC ¶¶ 38-39, 41).

The other Odom Action plaintiff alleges that she was never compensated for her labor during her employment with defendants from late May 2022 to late June 2022. (Id. ¶¶ 43, 49).

Plaintiffs generally allege that defendants intentionally, willfully, and repeatedly engaged in a pattern or policy of violating the FLSA and the NYLL by failing to promptly pay plaintiffs earned, minimum, and overtime wages, and that defendants failed to provide plaintiffs with accurate wage statements for each paycheck. (See Ugwudiobi Compl., Counts I-VI; Odom FAC, Counts I-VIII). Plaintiffs seek to bring claims on behalf of similarly situated employees, pursuant to 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure. (Ugwudiobi Compl. ¶¶ 32-34, 35-44; Odom FAC ¶¶ 18-22, 23-30).

In the Ugwudiobi Action, when defendants failed to appear and file an Answer or otherwise respond to the Complaint, plaintiffs moved for a Certificate of Default on January 10, 2023. (ECF No. 9). On January 12, 2023, the Clerk of Court entered a default against the defendants. (ECF No. 10). Thereafter, defendants promptly appeared and moved to set aside the entry of default (ECF No. 13), which the Court granted on January 20, 2023 (ECF No. 14). Defendants filed an Answer to the Complaint on February 1, 2023, and subsequently filed an Amended Answer on February 7, 2023. (ECF Nos. 15, 16). After the Initial Conference was held in the Ugwudiobi Action, this Court referred the parties to mediation. (Electronic Order, dated March 1, 2023). Despite the Court's Order, plaintiffs complained that defendants failed to cooperate with plaintiffs' and the mediator's efforts to schedule the mediation. (ECF No. 18).

Separately, the parties to the Odom Action proceeded directly from the filing of plaintiffs' Complaint to submitting a case management plan to begin discovery. (Odom Action, ECF Nos. 14, 15). On March 28, 2023, the district court also referred the Odom Action to the Court-Annexed Mediation Program. (Odom Action, Electronic Order, dated March 28, 2023).

4

Thereafter, plaintiffs filed an Amended Complaint on March 31, 2023 (Odom FAC), and defendants filed an Answer on April 14, 2023 (Odom Action, ECF No. 17).  By letter motions dated May 12, 2023, the Ugwudiobi Action defendants and the Odom Action defendants sought to consolidate the Ugwudiobi Action with the Odom Action (ECF No. 19; Odom Action, ECF No. 19), which the Odom Action plaintiffs opposed in a letter dated May 17, 2023 (Odom Action, ECF No. 20), and the Ugwudiobi Action plaintiffs opposed in a letter dated May 18, 2023 (ECF No. 20).

In an Electronic Order dated June 6, 2023, the district court Ordered the cases to be consolidated.  On June 16, 2023, this Court granted the Ugwudiobi Action plaintiffs' proposed briefing schedule for their motion for conditional certification of an FLSA collective action. (Electronic Order, dated June 16, 2023).  The Odom Action plaintiffs filed a letter indicating that because counsel had not received ECF notifications since the cases had been consolidated, they were unaware of the briefing schedule and, accordingly, they sought additional time to file a motion to join the Ugwudiobi Action plaintiffs' motion for conditional certification.  (See ECF No. 22).  The Court granted the request for an extension of time of all deadlines by 30 days, stating that the Court "is already in receipt of the Ugwudiobi plaintiffs' motion for conditional class cert[ification].  The Odom plaintiffs' motion is due 7/27/2023; defendants' opposition is due 8/28/2023; plaintiffs' replies are due 9/11/2023."  (Electronic Order, dated June 30, 2023). On July 9, 2023, counsel for the Ugwudiobi Action filed papers indicating that 19 additional plaintiffs had opted to join the action.[4]  (ECF Nos. 25-44).  In an Electronic Order dated January

---

[4] The consent to join forms submitted on July 9, 2023 indicate that the following plaintiffs opted in: Antigha Abia (ECF No. 25); Kufre Nse Afangideh (ECF No. 26); Adebisi Spice Alliu (ECF No. 27); Stella Ameh (ECF No. 28); Jude Bastien (ECF No. 29); Verron Caines (ECF No. 30); Emmanuel Collins (ECF No. 31); Omar Garcia (ECF No. 32); John Akindele Laleye (ECF No. 33); Kim Lester (ECF Nos. 34, 35); Mohammad Minhas (ECF No. 36); Shirley Montgomery (ECF No. 37); Venel Mulor (ECF No. 38); Juliet Ojigbede (ECF No. 39); Chinemerem Okoro (ECF No. 40); Emmanuel Otanwa (ECF No. 41); Sherese Stridiron (ECF No. 42); Bryan Wade (ECF No. 43); Monty Walcott (ECF No. 44).

2, 2024, the Honorable Ramón E. Reyes, Jr., referred the pending Joint Motion to the undersigned for decision.

In March 2024, while the Joint Motion was pending, the parties in the now consolidated Ugwudiobi Action and Odom Action again attempted to mediate their dispute, selecting a mediator and scheduling a date for the mediation to occur. (Docket Entry, dated March 11, 2024). After becoming aware of potential issues pertaining to the mediation, the Court held a conference with the parties on April 26, 2024, wherein the mediation was cancelled. (Minute Entry, dated April 26, 2024). The Court now considers the pending motion for conditional certification of an FLSA collective action filed by the Ugwudiobi Action plaintiffs, and joined by the Odom Action plaintiffs.[5]

## DISCUSSION

I. Legal Standard[6]

Under the FLSA, employers are required to compensate covered employees for all work performed, including overtime, in order to prevent "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. §§ 202(a), 207(a)(1); see also Guzman v. Three Amigos SJL Inc., 117 F. Supp. 3d 516, 522 (S.D.N.Y. 2015) (explaining that "[t]he purpose of the FLSA . . . was to guarantee compensation for all work or employment engaged in by employees covered by

---

[5] The Court notes that these motion papers appear on the docket in a rather unorthodox manner. Defendants' letter opposing the Odom Action plaintiffs' motion to join the Ugwudiobi Action plaintiffs' motion for conditional certification was filed first on August 29, 2023. (ECF No. 47) ("Defs.' Opp. Ltr."). The Odom Action plaintiffs' motion to join the conditional certification motion was filed on September 11, 2023, but dated July 27, 2023. (ECF No. 51) ("Odom Mot. to Join"). The Odom Action plaintiffs also filed a reply to defendants' opposition on September 11, 2023. (ECF No. 52) ("Odom Pls.' Reply"). Lastly, the Ugwudiobi Action plaintiffs' motion for conditional certification was filed on September 13, 2023, but dated June 14, 2023. (ECF No. 56) ("Ugwudiobi FLSA Mot."). Acknowledging the docketing challenges caused by the consolidation of these two actions, the Court will consider this motion properly briefed despite the order in which the papers were filed on the docket.

[6] Caselaw quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes unless otherwise noted.

the Act" (quoting Reich v. New York City Transit Auth., 45 F.3d 646, 648–49 (2d Cir. 1995))).

Pursuant to Section 216(b) of the FLSA, an employee may bring a collective action "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).  Relatedly, the FLSA creates a "*right* of any employee to become a party plaintiff to any [FLSA] action, so long as certain preconditions are met." Aboah v. Fairfield Healthcare Servs., Inc., No. 20 CV 763, 2021 WL 6337748, at *5 (D. Conn. Jan. 12, 2021) (quoting Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 515 (2d Cir. 2020)); see also 29 U.S.C. § 216(b).

Unlike a class action under Rule 23 of the Federal Rules of Civil Procedure, a collective action brought under the FLSA may only include those employees who affirmatively "opt in" by giving consent in writing to become a party to the action. Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005); see also 29 U.S.C. § 216(b) (requiring anyone who wishes to join the collective to "give[] [their] consent in writing to become . . . a party" and "file[]" that consent "in the court in which [the] action is brought"); Myers v. Hertz Corp., 624 F.3d 537, 542 (2d Cir. 2010) (noting that, "[u]nlike in traditional class actions . . . , plaintiffs in FLSA representative actions must affirmatively 'opt in' to be part of the class and to be bound by the judgment"). Moreover, while Rule 23 imposes a set of detailed procedures for bringing and certifying a class action, conditional certification in the FLSA collective action context serves primarily as a tool for facilitating notice, and the central issue is whether members of the putative collective are "similarly situated" to the named plaintiff "with respect to whether a FLSA violation has occurred," such that those individuals may opt in to the litigation. Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 346 (E.D.N.Y. 2015); see also Myers v. Hertz Corp., 624 F.3d at 544-45, 555 (noting Section 216(b)'s lack of rigorous procedural requirements and that "certification is neither necessary nor sufficient for the existence of a representative action under

7

FLSA, but may be a useful case management tool for district courts to employ in appropriate cases").

Courts in this Circuit use a two-step analysis to determine whether certification of a collective action under the FLSA is appropriate.  See Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 65 (E.D.N.Y. 2016) (stating that the "[c]ourts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action" (citing Scott v. Chipotle Mexican Grill, Inc., 954 F.3d at 515)).  At the first step, the named plaintiff moves to conditionally certify the collective, and the district court must determine whether any "similarly situated" potential plaintiffs ought to receive notice of the litigation.  Scott v. Chipotle Mexican Grill, Inc., 954 F.3d at 515.  If conditional certification is granted, notice is sent to potentially similarly situated employees, who may "opt into the case and become plaintiffs" by filing written consent on the docket.  Marichal v. Attending Home Care Servs., LLC, 432 F. Supp. 3d 271, 277 (E.D.N.Y. 2020) (citing 29 U.S.C. § 216(b)); accord Douglas v. Allied Universal Sec. Servs., 371 F. Supp. 3d 78, 85 (E.D.N.Y. 2019) (citing 29 U.S.C. § 216(b)). Although the statute has no specific provision for issuing such notice, the Supreme Court in Hoffman-LaRoche Inc. v. Sperling held that it was appropriate for courts to do so under the FLSA in order to serve the "broad remedial goal" of the Act.  493 U.S. 165, 171-74 (1989); see also Sosa v. Caz-59 Express, Inc., No. 13 CV 4826, 2014 WL 5471256, at *2 (E.D.N.Y. May 28, 2014) (explaining that a district court "has the power to order that notice be given to other potential members of the plaintiff class under the 'opt-in' provision of the [FLSA]"), report and recommendation adopted, 2014 WL 5471456 (E.D.N.Y. Oct. 28, 2014).

As the Second Circuit recently explained, "to be 'similarly situated' means that named plaintiffs and opt-in plaintiffs . . . share a similar issue of law or fact material to the disposition of

8

their FLSA claims." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d at 516. The "similarly situated" inquiry "is quite distinct from the . . . much higher threshold of demonstrating that common questions of law and fact will predominate for Rule 23 purposes." Myers v. Hertz Corp., 624 F.3d at 556. Thus, at step one, the plaintiff need only "make a modest factual showing that they and others together were victims of a common policy or plan that violated the law." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d at 515 (quoting Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 540 (2d Cir. 2015)); see also Valerio v. RNC Indus., LLC, 314 F.R.D. at 66 (stating that at the initial certification stage, courts require the existence of a "factual nexus . . . between the plaintiff's situation and the situation of other potential plaintiffs" (quoting Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y.2007))).

Plaintiffs may satisfy this burden by relying on "their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d at 346 (quoting Kim v. 511 E. 5th St., LLC, 985 F. Supp. 2d 439, 445 (S.D.N.Y. 2013)); see also Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 452–53 (E.D.N.Y. 2014) (citing cases in which conditional certification was granted on the basis of an employee's factual assertions). At the conditional certification stage, the merits of the plaintiff's claim are not at issue, Larouque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008), and the court does not resolve factual disputes or make credibility determinations. Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d at 347 (collecting cases). If plaintiffs meet this "fairly lenient standard," the court will typically grant "conditional certification" and authorize notice to potential opt-in plaintiffs. Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007); see also Alvarez v. IBM Rests. Inc., 839 F. Supp. 2d 580, 584 (E.D.N.Y. 2012).

The second step of the court's analysis takes place after discovery, when the court looks at a fuller record and "makes a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the [collective] is decertified." Puglisi v. TD Bank, N.A., 998 F. Supp. 2d 95, 100 (E.D.N.Y. 2014) (quoting Kalloo v. Unlimited Mech. Co. of NY, Inc., 908 F. Supp. 2d 344, 346 (E.D.N.Y. 2014)); see also Myers v. Hertz Corp., 624 F.3d at 555; Marichal v. Attending Home Care Servs., LLC, 432 F. Supp. 3d at 277-78 (detailing the two-step certification process and collecting cases wherein the collective was decertified at step two). The final certification process can occur either as a result of motion practice or during the court's review of a proposed collective settlement. Marichal v. Attending Home Care Servs., LLC, 432 F. Supp. 3d at 277-78 (collecting cases).

II. Analysis

  A. Conditional Certification of the Collective

Plaintiffs ask this Court to certify a collective action consisting of all non-exempt current and former employees employed by Defendants for a period of three years prior to the filing of the Complaint (Ugwudiobi Compl. ¶¶ 3, 32; Ugwudiobi MOL[7] at 1), *i.e.*, from August 21, 2019, which is three years prior to the filing of the Complaint on August 21, 2022. To satisfy the "similarly situated" requirement, plaintiffs need only demonstrate the likely existence of employees who "share a similar issue of law or fact material to the disposition of their FLSA claims" with the named plaintiffs. Scott v. Chipotle Mexican Grill, Inc., 954 F.3d at 516. As noted above, this requires only a modest factual showing at the conditional certification stage,

---

[7] Citations to "Ugwudiobi MOL" refer to the Ugwudiobi Action Plaintiffs' Memorandum of Law in Support of their motion for conditional certification of an FLSA collective, filed on September 13, 2023, but dated June 14, 2023. (ECF No. 57).

10

and plaintiffs may meet their burden by relying on "their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d at 346. As set forth below, the Court finds that plaintiffs here have satisfied the minimal requirements to warrant conditional certification of a collective action, defined as such, and that distribution of notice to the potential members of the collective is warranted.

First, the Ugwudiobi Action Complaint alleges that plaintiffs were subject to a common policy or practice wherein defendants "intentionally, willfully and repeatedly" violated the FLSA by "failing to pay promptly [p]laintiffs, the [c]ollective and the [c]lass minimum wage for each hour worked and one and one half times their regular rates of pay for all hours worked in excess of forty (40) per week." (Ugwudiobi Compl. ¶ 28). In the Odom Action Complaint, plaintiffs allege similar claims against defendants. (Odom FAC ¶¶ 38-42, 49-51, 52, 55). In both actions, plaintiffs allege that other employees were subject to the same treatment. Specifically, plaintiffs allege that there are "numerous similarly situated current and former employees of defendants who have been similarly underpaid in violation of the FLSA" (Ugwudiobi Compl. ¶ 34), and that "the unlawful employment practices at issue with the [sic] respect to [p]laintiffs and the similarly [situated] employees are identical, as [d]efendants, in all cases, have willfully withheld minimum wages and overtime wages earned." (Odom FAC ¶ 20).

Second, two of the named plaintiffs in the Ugwudiobi Action have provided sworn testimony, in the form of affidavits, further supporting the likely existence of similarly situated employees. Plaintiff Donatus Ugwudiobi alleges that, in 2022, he had "numerous" conversations with the other named plaintiffs "plus Juliet Ojigbede, Paul Achupu[,] and Verron Caines," all of whom had the same or similar duties and job titles, worked similar hours, and claim not to have been compensated for any overtime work and, for a period of time, not compensated at all for

work performed.  (Ugwudiobi Aff.[8] ¶¶ 9-11).  Similarly, plaintiff Seemaj Pough alleges that Pough had conversations with several former co-workers, including Shirley Montgomery, Emmanuel Collins, and Paul Achupu, about defendants' pay practices in June and July 2022.  (Pough Aff.[9] ¶¶ 8-10).  Both plaintiffs claim to have seen some of the other employees' timesheets and pay stubs, which plaintiffs assert confirmed those employees' accounts, and plaintiffs further aver that these other employees may have documentary evidence of defendants' failure to comply with the FLSA's mandates.  (Ugwudiobi Aff. ¶¶ 10, 12, 13; Pough Aff. ¶¶ 9, 10, 11).  From these affidavits, the Court understands that beyond any plaintiffs named in either action, there are at least five additional employees, and potentially several others, who were subject to the same or substantially similar wage and hour practices as the named plaintiffs.  In addition to the allegations in the Complaints and the affidavits submitted by plaintiffs Ugwudiobi and Pough, the Odom Action plaintiffs have also argued in their motion to join the Ugwudiobi Action motion that they were subject to the same policies and practices as described herein and thus, that they are similarly situated.  (See Odom Mot. to Join at 2-3).

For purposes of the "lenient standard" applicable at the conditional certification stage, Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. at 367, these factual averments suffice to establish that other individuals employed by defendants during the relevant time period "were victims of a common policy or plan that violated the law," Scott v. Chipotle Mexican Grill, Inc., 954 F.3d at 515.  Nothing more is required at this time in order for plaintiffs to satisfy their minimal burden.

---

[8] Citations to "Ugwudiobi Aff." refer to the Affidavit of Donatus Ugwudiobi, dated June 14, 2023.  (ECF No. 58).
[9] Citations to "Pough Aff." refer to the Affidavit of Seemaj Pough, dated June 12, 2023.  (ECF No. 59).

Defendants' arguments in opposition are unconvincing. In their letter opposing plaintiffs' motion, defendants first assert, without any supporting evidence, that plaintiffs worked for "four separate corporate entities" and thus, they and the members of the putative collective "have not shared the same experiences." (Defs.' Opp. Ltr. at 3). However, this argument both lacks any apparent factual support in the record, and it is also contradicted by allegations in the Complaints. Even if defendants were able to support their version of events, disputed issues of fact such as these are not appropriately resolved on a motion for conditional certification. See Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d at 347 (collecting cases). Thus, the Court finds the defendants' arguments in this regard to be unavailing and not a basis for denying conditional certification at this time. Defendants may always raise these factual disputes at a later date, or at the time of final certification.

Second, defendants insist that "[t]here are no other 'potential plaintiffs'" because the United States Department of Labor ("DOL") has confirmed that all wage issues have been "remedied." (Defs.' Opp. Ltr. at 3-4). Relatedly, defendants argue that plaintiffs lack standing to prosecute this action or serve as representatives of the proposed collective as a result of the DOL's proceedings. (Id. at 5-7).

In the Odom Action plaintiffs' reply in support of their motion to join the Ugwudiobi Action plaintiffs' motion for conditional certification, plaintiffs argue that defendants have submitted no evidence indicating that named plaintiffs Jason Odom and Sahara Jackson accepted the DOL settlement or received settlement funds. (Odom Pls.' Reply at 4). In sworn affidavits, the Odom Action plaintiffs further assert that they have not been contacted by the DOL concerning their FLSA claims against defendants; they have not accepted any settlement funds or received any wages through the DOL connected to their FLSA claims against defendants; and

13

they do not intend to accept the settlement that defendants claim was negotiated through the DOL, preferring to pursue their FLSA claims against the defendants individually or as part of a collective.  (See Odom Aff.[10] ¶¶ 3-7; Jackson Aff.[11] ¶¶ 3-7).  Plaintiffs also contend that given the FLSA's requirement of affirmative opt-in to the collective, defendants would not be prejudiced by notice being sent to all potential collective members because defendants "will have a record of those individuals who accepted the [DOL] settlement."  (Odom Pls.' Reply at 5).

Again, in arguing that plaintiffs' and the opt-ins' FLSA claims are preempted by defendants' settlement with the DOL, defendants appear to be making a substantive argument about the merits of the claims.   However, without further information as to the terms of the settlement or whether all of the plaintiffs' and opt-ins' claims are in fact preempted, the Court is not in a position to determine these disputed issues of fact and indeed, such arguments have been found to be irrelevant to the question of whether conditional certification of a collective is appropriate.  See Larouque v. Domino's Pizza, LLC, 557 F. Supp. 2d at 354.  Given that defendants offer no authority to suggest that a decision on the pending Joint Motion should be delayed until such time as a dispositive motion is filed, the Court finds that plaintiffs have satisfied their burden of demonstrating that there are likely to be similarly situated employees,[12] and thus, that conditional certification of an FLSA collective is appropriate.  Accordingly, the Court grants the Ugwudiobi Action motion, as joined by the Odom Action plaintiffs, for conditional certification of an FLSA collective that includes all current and former non-exempt

---

[10] Citations to "Odom Aff." refer to the Affidavit of Jason Odom, dated September 8, 2023.  (ECF No. 53).

[11] Citations to "Jackson Aff." refer to the Affidavit of Sahara Jackson, dated September 8, 2023.  (ECF No. 54).

[12] The Court notes that the Odom Action plaintiffs have also contested the finality and enforceability of the settlement to which defendants refer.  (See Odom Pls.' Reply at 4-5; Odom Aff.; Jackson Aff.)  However, because the Court declines to consider defendants' arguments premised on the DOL settlement, the Court does not address these arguments raised by the Odom Action plaintiffs.

employees employed by defendants from August 21, 2019, which is three years prior to the filing of the Complaint on August 21, 2022.

B. Equitable Tolling

The Court now turns to plaintiffs' request for equitable tolling. Under the FLSA, the statute of limitations is two years, but the period is extended to three years for willful violations. 29 U.S.C. § 255(a). "[T]he limitations periods in a FLSA action continues to run [for each plaintiff] until [he or she] affirmatively opts into the action" by filing written consent with the court to join the lawsuit. Yahraes v. Restaurant Assocs. Events Corp., No. 10 CV 935, 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011); 29 U.S.C. §§ 255(a), 256(b).

"The Second Circuit has cautioned that equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances, where [1] a plaintiff has been pursuing his rights diligently, but [2] has been prevented in some extraordinary way from exercising his rights." Katz v. Equinox Holdings, Inc., No. 20 CV 9856, 2022 WL 2952143, at *2 (S.D.N.Y. July 26, 2022) (citing A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011); Contrera v. Langer, 278 F. Supp. 3d 702, 723 (S.D.N.Y. Oct. 5, 2017); Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2d Cir. 1996)) (internal quotation marks and brackets omitted). However, "[a] statute of limitations may be tolled as necessary to avoid inequitable circumstances." Iavorski v. U.S. Immigration & Naturalization Serv., 232 F.3d 124, 129 (2d Cir. 2000). Courts "have permitted equitable tolling while the motion for conditional certification is before the court." Castillo v. Perfume Worldwide Inc., No. 17 CV 2972, 2018 WL 1581975, at *17 (E.D.N.Y. Mar. 30, 2018).

Specifically, plaintiffs request that the FLSA statute of limitations be tolled "from the date [p]laintiffs filed the instant motion—until the close of any Court-ordered opt-in period."

15

(Ugwudiobi MOL at 13; see id. at 13-15[13]).  Plaintiffs assert that they "acted diligently during the period for which they seek equitable tolling" because only four months passed between when the defendants answered the Complaint and when plaintiffs filed their motion for conditional certification.  (Id. at 14-15).  Although defendants generally oppose the motion for conditional certification, they have not explicitly opposed plaintiffs' request for equitable tolling.  (See Defs.' Opp. Ltr.)

Moreover, while a period of months has passed since the motion for conditional certification was fully briefed, courts have found that "'the delay caused by the time required for a court to rule on a [collective certification] motion . . . may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine.'"  Tlapanco v. City Metal Traders, Inc., No. 21 CV 6341, 2023 WL 2240396, at *4 (E.D.N.Y. Feb. 27, 2023) (quoting Yahraes v. Restaurant Assocs. Events Corp., 2011 WL 844963, at *1).  Thus, the Court finds it appropriate to toll the statute of limitations from the date plaintiffs filed their motion for conditional certification until the date of this Order.  See, e.g., Tlapanco v. City Metal Traders, Inc., 2023 WL 2240396, at *4 (finding that a 12-month delay from the time a conditional approval motion was fully briefed until the court decided the motion was sufficient to warrant equitable tolling until the date of the order); Duran v. R&L Interior Renovations & Constr. Corp., No. 20 CV 9344, 2021 WL 4847074, at *5 (S.D.N.Y. Oct. 18, 2021) (permitting equitable tolling from the date the conditional certification motion was filed until date of the order where motion was pending for approximately seven months); Castillo v. Perfume Worldwide Inc., 2018

---

[13] The Court notes that, in the preliminary statement of plaintiffs' Memorandum of Law, plaintiffs ask for tolling as of the date of the Complaint.  (Ugwudiobi MOL at 2).  However, the actual analysis in the Memorandum of Law seeks to toll the period from the date that the motion for conditional certification was filed, and plaintiffs cite cases that support tolling from such a date.  (See id. at 13-15).  The Court finds it appropriate to analyze whether the statute of limitations should be tolled from the date of the filing of the motion for conditional certification.

WL 1581975, at *17 (granting request for equitable tolling "given the length of time that has passed since the instant motion was filed," where six months had passed).

### C. Proposed Notice

The Court has reviewed the proposed notice and consent form filed in connection with the Ugwudiobi Action plaintiffs' motion for conditional certification. (ECF Nos. 60-1, 60-2; see also Ugwudiobi MOL at 11-13). While the Court has no concerns with the substance of those documents or the proposed methods of providing notice, the proposed documents do not currently reflect the relatedness of the Ugwudiobi Action and Odom Action. Since the collective that has been conditionally certified in this Order encompasses both actions, the Court concludes that the notice and consent forms must be revised to accurately reflect as much. Thus, within 14 days of the date of this Order, plaintiffs shall file a revised proposed notice, proposed consent to join form, and proposed approval order.

Within 21 days of the date of this Order, defendants shall provide plaintiffs with all information necessary to contact potential collective members. Specifically, defendants shall provide "the names, last known addresses, telephone numbers, email addresses, and dates of employment of all non-exempt employees employed by Defendants for a period of three years prior to the filing of the Complaint, in a computer-readable list." (Ugwudiobi MOL at 13). Plaintiffs will thereafter have 90 days to disseminate the notice and file any consent to join forms on the public docket. The revised proposed notice shall also reflect the aforementioned deadline to join these actions.

### D. Co-Counsel Status

Finally, in their Memorandum of Law in support of their motion to join the Ugwudiobi Action motion, counsel for the Odom Action plaintiffs, Jason Odom and Sahara Jackson, ask this Court to recognize them as co-counsel for the collective. (ECF No. 51-1 at 3-4). In a sworn

17

Declaration, Justin S. Clark, Esq., attests that Clark's law firm, Levine & Blit, PLLC, and the law firm of Bashian & Papantoniou, P.C. jointly represent the Odom Action plaintiffs. (ECF No. 51-2 ¶ 2). After the district court consolidated the Ugwudiobi Action and the Odom Action, Justin Clark, Esq., Erik Bashian, Esq., of Bashian & Papantoniou, P.C., and David Wims, Esq., the attorney for the plaintiffs in the Ugwudiobi Action, met and "agreed to serve as co-counsel for the collective in the consolidated actions should it be certified by the Court." (Id. ¶¶ 11, 12, 13). Clark also attests that Levine & Blit, PLLC and Bashian & Papantoniou, P.C. are "not aware of any conflicts of interest with Mr. Wims or any of his clients that necessitates the need for a single collective counsel being named." (Id. ¶ 14).

After reviewing the record and seeing no objections to the proposed co-counsel agreement, the Court certifies that the Law Office of David Wims, Levine & Blit PLLC, and Bashian & Papantoniou, P.C. may act as co-counsel for the collective that the Court has conditionally certified herein.

## CONCLUSION

For the reasons stated above, plaintiffs' Joint Motion for conditional certification of an FLSA collective action is GRANTED. The Court Orders that the statute of limitations for any potential opt-in plaintiffs is tolled from the filing date for this motion for conditional certification, June 14, 2023, until the date of this Order. Plaintiffs' counsel in the Ugwudiobi Action and the Odom Action are hereby certified as co-counsel of the collective that has been conditionally certified by the Court. The parties shall adhere to all deadlines set forth herein.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 27, 2024

_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York